United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60535
Conference Calendar

JAMES FILLIP MOATS,

Plaintiff-Appellant,

versus

UNKNOWN FINCHER, Dr., Dentist at Tallahatchie County Correctional
Facility Dental Clinic; UNKNOWN JENNINGS, Medical Supervision for
Tallahatchie County Correctional Facility,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CV-398-M-A
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Fillip Moats, Alabama prisoner # 162146, has filed a

motion in this court to proceed in forma pauperis (IFP) in the

appeal of the dismissal of his civil rights complaint.  Moats

filed a pro se civil rights complaint in Mississippi after

allegedly being denied dental and eye care while temporarily

housed in a Mississippi Correctional Facility.

The district court adopted the recommendation of the

magistrate judge (MJ) to dismiss Moats's complaint without

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice until he is free to return to prosecute his complaint within the jurisdiction of the Mississippi courts and to suspend the statute of limitations until such time as Moats is released from confinement outside Mississippi. After filing a notice of appeal, Moats filed a motion to proceed IFP on appeal. The district court denied Moats's motion and certified that Moats's appeal was not taken in good faith.

In the instant motion, Moats makes no reference to the district court's certification decision or the reasons for the dismissal. Thus, Moats has not shown that he will raise a nonfrivolous issue on appeal or that the district court erred in certifying that his appeal was not taken in good faith. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Moats's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. The dismissal of Moats's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Moats is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.